WILLIAM CAMPBELL, Jr., BY HIS FATHER AND NEXT FRIEND, WILLIAM CAMPBELL, Sr., AND WILLIAM CAMPBELL, Sr., IN HIS OWN RIGHT, PLAINTIFFS, v. ROSA HARRIS AND JOSEPH A. HARRIS, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS.

Decided August 2, 1932.

Before Henry H. Eldredge, judge of the Circuit Court.

For the plaintiffs, *Carr & Carroll.*

For the defendants, *A. Moulton McNutt.*

ELDREDGE, C. C. J. This matter comes before the court on a rule to show cause why a verdict of no cause for action in favor of the defendant Joseph A. Harris, and against both plaintiffs, should not be set aside and a new trial granted.

On what is known as Hallowe'en or "Mischief Night," October 30th, 1930, a number of high school boys and girls were making mischief in the neighborhood of the defendant's back yard at Collingswood, New Jersey, in the course of which they threw tin cans into the yard of defendants and perhaps some objects against the house. Rosa Harris, one of the defendants, came to her back door and shot a revolver which she alleged was loaded with blank cartridges, but.

simultaneously with her shot a bullet entered the leg of the plaintiff, William Campbell, Jr., who was not a member of the group of mischief makers, but was standing near a garage, from which point he could see the fun.

At the close of the trial the jury rendered a verdict in favor of the plaintiff and against the defendant Rosa Harris, for his personal injuries in the sum of approximately fifteen hundred dollars.

While there is no dispute that Mrs. Harris fired the revolver from the door of her own and her husband's home, counsel for the plaintiff sought to hold the husband as well as the wife on three separate grounds, namely: (1) that he was guilty of negligence in providing the revolver and making it available for the use of his wife; (2) that the wife was acting as his agent at the time the shooting occurred; (3) that the injury resulted from a joint undertaking in which both were engaged at the time.

The question of the responsibility of Harris was submitted by the court to the jury on all three grounds. Counsel now contends that a verdict having been returned against the wife, a verdict of no cause for action, in favor of the husband, was against the weight of the evidence. Counsel's contention is that Harris' own testimony, if there were no other, should have caused the jury to hold him jointly liable with his wife.

It is undisputed that the husband purchased the revolver the latter part of April, 1930, and brought it home. On the afternoon of October 30th he bought a box of blank cartridges and took them home with him. He testified that he loaded the revolver at about seven P. M. with the blanks taken from the box he had purchased. The loading of the revolver took place in the presence of his wife, and he then laid it on the refrigerator or the kitchen table. He further testified: "I put it there with the intention if there is a repetition of the last two years' outrages at the house to fire them to scare them away." The witness also testified that he knew of no experience which Mrs. Harris had had in the use of firearms.

On the other hand, he testified that it was not his intention that either he or his wife should use it, and his testimony is positive that he loaded it only with blank cartridges.

He further stated that just prior to the shooting he had told his wife to call the police, and at the time of the shooting he was in the dining room, himself about to call the police station. This room was twenty-five feet from the back steps, where the pistol was fired. He did not know Mrs. Harris was going out to the steps.

It appears to the court that in the light of the above testimony and other testimony presented by the defendants and their witnesses, the jury might have found Harris jointly liable with his wife. On the other hand, however, the court does not feel that as a matter of law they were obliged to do so. Whether Harris was negligent, whether his wife was acting for him at the time, or whether they were acting jointly, appears to the court to present questions upon which minds might, with justification, differ, and hence are jury questions. All three having been submitted to the jury by the court and all three having by them been resolved in the defendant Harris' favor, this court is not justified in disturbing the verdict.

The rule will be discharged.